UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Grand Jury H-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:21 c r 156 KAD / RMS |
| v. | VIOLATIONS: |
| GABRIEL PULLIAM, a.k.a. "G" | 18 U.S.C. § 1962(d) (Racketeering Conspiracy) |
| TAHJAY LOVE, a.k.a. "Goon" | 18 U.S.C. § 1959(a)(1) (VCAR Murder) |
| ZAEKWON MCDANIEL, a.k.a. "Gap" and "Yung Gap" | 18 U.S.C. §§ 1959(a)(3) (VCAR Assault with a Dangerous Weapon) |
| EZRA ALVES, a.k.a. "EJ" and "Ezzy" | 18 U.S.C. § 1959(a)(5) (Attempt and Conspiracy to Commit VCAR Murder) |
| MALIK BAYON, a.k.a. "Pop" and "Dirt" | 18 U.S.C. § 924(c) (Carrying and Using a Firearm During and in Relation to a Crime of Violence/Possession of a Firearm in Furtherance of a Drug Trafficking Offense) |
| D'ANDRE BURRUS, a.k.a. "Dopeman" | |
| JUSTIN CABRERA, a.k.a. "J.U." | |
| LADERRICK JONES, a.k.a. "Lexus" | 18 U.S.C. § 924(j)(1) (Causing Death Through the Use of a Firearm in Relation to a Crime of Violence) |
| JAIVAUN MCKNIGHT, a.k.a. "Sav" | 18 U.S.C. § 922(g) (Felon in Possession of a Firearm) |
| JULIAN SCOTT, a.k.a. "Ju Sav" | |
| DAYQUAIN SINISTERRA, a.k.a. "Quan" | 18 U.S.C. § 1503 (Obstruction of Justice) |
| AHMED ALVES, a.k.a. "Stones" | 18 U.S.C. § 2 (Aiding and Abetting) |
| ADRIAN FLEMMING, a.k.a. "Big A" and "Goldo" | 18 U.S.C. § 3 (Accessory) |
| JAMES GRAHAM, a.k.a. "Little Cuz" | 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute and Distribution of Controlled Substance) |
| TAVAUGHN WRIGHT, a.k.a. "Teddy" | 21 U.S.C. § 846 (Narcotics Conspiracy) |
| DIMITRI BLANDING | |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Racketeering Conspiracy)

Introduction

1.     At all times relevant to this Indictment, the defendants GABRIEL PULLIAM, a.k.a.

"G," TAHJAY LOVE, a.k.a. "Goon," ZAEKWON MCDANIEL, a.k.a. "Gap" and "Yung Gap,"

EZRA ALVES, a.k.a. "EJ" and "Ezzy," MALIK BAYON, a.k.a. "Pop" and "Dirt," D'ANDRE

BURRUS, a.k.a. "Dopeman," LADERRICK JONES, a.k.a. "Lexus," JAIVAUN MCKNIGHT,

a.k.a. "Sav," JULIAN SCOTT, a.k.a. "Ju Sav," and DAYQUAIN SINISTERRA, a.k.a. "Quan," and others known and unknown to the Grand Jury, including but not limited to, JUSTIN CABRERA, a.k.a. "J.U.," AHMED ALVES, a.k.a. "Stones," ADRIAN FLEMMING, a.k.a. "Big A" and "Goldo," JAMES GRAHAM, a.k.a. "Little Cuz," TAVAUGHN WRIGHT, a.k.a. "Teddy," and DIMITRI BLANDING, not charged in Count One, were members and associates of the Waterbury street gang "960" (hereafter "960" and "the gang"), a criminal organization whose members and associates engaged in, among other activities, narcotics distribution, acts of violence, including murder and assaults, obstruction of justice, witness tampering, and auto theft.

2.      In approximately 2008, 960 began as a local street gang in the Long Hill Project area of Waterbury, Connecticut, when its original members referred to themselves as the "Skeem Team." Over time, the gang evolved to "1920" before settling on its current name.

3.      960 operates principally in and around Waterbury. 960 members and associates often communicate through various forms of electronic communication, including Facebook, phone calls, text messages and music videos posted online. At times, members and associates use gang symbols and code words to communicate to avoid revealing their criminal activity.

4.      Members and associates of 960 are expected to protect the name, reputation, and status of the gang from rival gang members and other persons. To protect the gang and enhance its reputation, 960 members and associates are expected to use any means necessary to force respect from those who have shown disrespect, including committing acts of intimidation, violence, and threats of violence.

5.      Members and associates of 960 sell controlled substances in and around Waterbury. 960 members and associates refer narcotics customers to each other and engage in narcotics trafficking together. Often, drug related activity is coordinated and facilitated by shared telephones

and text messaging.

6.     Members and associates of 960 have committed, attempted, and threatened to commit acts of violence, and agreed to the same, to protect the gang and its members and associates. These acts of violence have included murder, attempted murder and assault intended to protect 960 from rival gangs and to otherwise promote the standing and reputation of 960 amongst rival gangs as well as amongst other 960 members.

7.     Members and associates of 960 steal automobiles in and around Waterbury and have allowed fellow members and associates to use these stolen automobiles in furtherance of the gang's affairs.

8.     960 members identify themselves and show loyalty to 960 through tattoos, clothing items, mottos such as "Free da 9" and "No Face, No Case," and hand signs. 960 members often use Internet social networking sites to promote 960 and to disrespect rival gangs. 960 members often refer to one another by street monikers as a sign of respect, as well as to avoid identification by law enforcement, and accordingly may not know fellow gang members by any name other than their street names.

9.     The principal – although not the exclusive – rival to 960 is a Waterbury street gang that is known to the Grand Jury and referred to herein is "Rival Gang 1." Rival Gang 1 claims the territory in the Bunker Hill and Brooklyn neighborhoods of Waterbury, including Angel Drive ("A-Side"), all of which is sometimes referred to as "the Zuu."

10.     Another rival to 960 a the Waterbury street gang that is known to the Grand Jury and referred to herein as "Rival Gang 2." Rival Gang 2 claims the territory around Walnut Avenue, Walnut Street and High Street in Waterbury.

## The Enterprise

11.    960, including its leadership, its members, and its associates, constitutes an "enterprise" as defined by Title 18, United States Code, Section 1961(4) (hereafter "the Enterprise" or "960"), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities have affected, interstate and foreign commerce.

## Purposes of the Enterprise

12.    The purposes of the Enterprise included the following:

   a.   Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics and the theft of automobiles.

   b.   Preserving and protecting the power, territory, reputation, and profits of the Enterprise using intimidation, violence, threats of violence, assaults, attempted murder and murder.

   c.   Promoting and enhancing the Enterprise and the activities and authority of its members and associates.

   d.   Keeping victims and potential victims, witnesses, and rival gang members in fear of the Enterprise and in fear of its members and associates through violence, threats of violence and assault.

   e.   Aiding members and associates of the Enterprise who committed crimes for and on behalf of the Enterprise.

   f.   Providing financial support and information to members and associates of the Enterprise, including those incarcerated for committing acts of violence, distribution of controlled substances and other offenses.

   g.   Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses, including

members and associates of 960, to crimes committed by members of the Enterprise.

h.   Hindering, obstructing, and preventing law enforcement officers from identifying, apprehending, and successfully prosecuting members and associates of the Enterprise.

<u>Means and Methods of the Enterprise</u>

13.   Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.   Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder and attempted murder, against rival gang members and other individuals adverse to the Enterprise to protect and expand the Enterprise's criminal operations.

b.   Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and the possession and use of firearms, in music, in music videos and on social media websites such as Facebook and YouTube.

c.   Members and associates of the Enterprise obtained, concealed, shared, carried, brandished, discharged, and disposed of firearms in connection with the Enterprise's illegal activities, including but not limited to murder and the trafficking of controlled substances.

d.   Members and associates of the Enterprise distributed controlled substances.

e.   Members and associates of the Enterprise committed acts of intimidation and made threats as a means of deterring and/or punishing any potential witnesses to their crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

f.   Members and associates of the Enterprise recruited and used juveniles to commit acts for the benefit of the Enterprise.

<u>The Racketeering Conspiracy</u>

14.   From approximately 2008 to the present, in the District of Connecticut and

elsewhere, the defendants PULLIAM, LOVE, MCDANIEL, EZRA ALVES, BAYON, BURRUS, JONES, MCKNIGHT, SCOTT, and SINISTERRA, together with others known and unknown to the Grand Jury, being persons employed by and associated with the Enterprise described in the preceding paragraphs, namely 960, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering law of the United States, namely, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of 960, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

a. Multiple acts involving murder chargeable under the following provisions of state law: Connecticut General Statutes § 53a-54a (murder); § 53a-54b (murder with special circumstances); § 53a-8(a) (aiding and abetting); § 53a-48 (conspiracy); and § 53a-49 (attempt).

b. Multiple offenses involving the distribution, and possession with intent to distribute, and conspiracy to distribute controlled substances in violation of the laws of the United States, namely, Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2.

c. Multiple acts indictable under Title 18, United States Code, Section 1503 (Relating to Obstruction of Justice).

15.     It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Overt Acts

16.     In furtherance of the conspiracy and to achieve the object thereof, the defendants and others performed or caused to be performed the following overt acts, among others, in the District of Connecticut and elsewhere:

a. On or about October 31, 2017, the defendant CABRERA, and others known and unknown to the Grand Jury, drove to the area of Bank and Porter Streets in Waterbury, Connecticut and shot at J.B. and J.S., Jr., whose identities are known to the Grand Jury, who they believed to be

rival gang members, resulting in physical injury to J.B.

b.  On or about November 22, 2017, the defendants BAYON, MCDANIEL, and LOVE shot at Clarence Lewis and Antonio Santos, individuals they believed to be rival gang members, resulting in the deaths of Lewis and Santos.

c.  On or about November 22, 2017, following the murders of Clarence Lewis and Antonio Santos, BAYON, MCDANIEL, and LOVE met fellow 960 member Jermaine Gilbert, charged separately, told him about the shooting of Lewis and Santos, and asked him to retrieve a gun magazine from a parking lot.

d.  On or about December 20, 2017, the defendant EZRA ALVES ran from police and attempted to hide a firearm, namely, a loaded Taurus 9mm PT111 Pro firearm bearing serial number TCX 51730, under a stack of tires.

e.  On or about December 20, 2017, the defendant LOVE wore a Point-Blank Body Armor ballistic vest.

f.  On or about December 29, 2017, the defendant MCDANIEL, and others known and unknown to the Grand Jury, shot at J.S., Sr., who they believed to be the father of a rival gang member, resulting in physical injury to J.S., Sr.

g.  On or about September 21, 2018, the defendants PULLIAM, EZRA ALVES, MCKNIGHT, and SINISTERRA, together with fellow 960 member Jermaine Gilbert, who is charged separately, and others known and unknown to the Grand Jury, discussed retaliating against H.M., whose identity is known to the Grand Jury, who they believed to be a rival gang leader responsible for the September 19, 2018 murder of 960 member Jesus "Jeez" Bryant.

h.  On or about September 21, 2018, the defendant SINISTERRA, together with fellow 960 member Jermaine Gilbert, charged separately, shot at a residence on Lounsbury Street in Waterbury, Connecticut that they associated with H.M., who they believed to be a rival gang leader, resulting in bullets hitting an occupied residence.

i.  On or about September 21, 2018, the defendants EZRA ALVES, MCKNIGHT, and SINISTERRA, together with fellow 960 member Jermaine Gilbert, charged separately, shot at a residence on Scott Road in Waterbury, Connecticut that they associated with an individual with the initials H.M., who they believed to be a rival gang leader, resulting in bullets hitting an occupied residence.

j.  On or about October 6, 2018, the defendants EZRA ALVES, SCOTT, and SINISTERRA, together with fellow 960 member Jermaine Gilbert, charged separately, drove to the area of Bank and Porter Streets in Waterbury, Connecticut and shot at J.S., Jr., whose identity is known to the Grand Jury, who they believed to be a rival gang member, resulting in physical injury to a bystander with the initials A.R., whose identity is known to the Grand Jury.

k.  On or about October 10 and 11, 2018, PULLIAM, SCOTT, BURRUS, JONES, and SINISTERRA, together with others known and unknown to the Grand Jury, conspired to retaliate against a rival gang they believed was responsible for the September 19, 2018 murder of 960 member Jesus "Jeez" Bryant.

l.  On or about October 11, 2018, the defendants PULLIAM, SCOTT, BURRUS, JONES, and SINISTERRA, together with fellow 960 member Jermaine Gilbert, charged separately, and others known and unknown to the Grand Jury, drove in two vehicles to the area of Walnut Avenue and Walnut Street, parked on Vermont Street in Waterbury, Connecticut, and shot at individuals they believed to be rival gang members, resulting in the death of Fransua Guzman, and the paralysis of D.M., whose identity is known to the Grand Jury.

m.  On or about November 1, 2018, the defendant SINISTERRA shot at H.M., who he believed was the leader of a rival gang, resulting in physical injury to H.M.

n.  On or about November 18, 2018, the defendants EZRA ALVES, SCOTT, and SINISTERRA, together with fellow 960 member Jermaine Gilbert, charged separately, drove to the area of Bank and Porter Streets in Waterbury, Connecticut and shot at M.A., whose identity is known to the Grand Jury, and J.S., Jr., who they believed to be rival gang members, resulting in physical injuries to M.A. and J.S., Jr.

o.  On or about November 18, 2018, following the shooting of M.A. and J.S., Jr., AHMED ALVES, a member of 960 but not a defendant in Count One, drove a separate vehicle to pick up the shooters and assist in avoiding law enforcement.

p.  On or about October 19, 2019, the defendant LOVE and GRAHAM, an associate of 960 but not a defendant in Count One, assaulted J.A., whose identity is known to the Grand Jury, because they believed J.A. had provided information to law enforcement about the criminal activity of 960.

q. From approximately 2008 to the present, the defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, and JONES, together with fellow 960 members who are not defendants in Count One, including but not limited to AHMED ALVES, FLEMMING, WRIGHT, and BLANDING, did knowingly and intentionally combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States. The controlled substances involved in the offense included heroin and fentanyl. For at least a part of this time period, they shared a telephone number known to the Grand Jury ending with the four digits 0486 to sell to their drug customers and transferred that number to new devices when law enforcement seized an active device.

r. In approximately October 2018, the defendant PULLIAM attempted to operate his drug organization from prison.

s. On or about May 17, 2019, Jermaine Gilbert, a 960 member who has been charged separately, possessed with intent to distribute a quantity of heroin and two firearms.

t. On or about November 15, 2019, in a garage at 669 Waterville Street in Waterbury, Connecticut, the defendants EZRA ALVES and BAYON possessed approximately 175 bags containing a mixture of heroin and fentanyl that they intended to distribute.

u. On or about November 15, 2019, the defendant EZRA ALVES possessed $992 and approximately 18 bags containing a mixture of heroin and fentanyl that he intended to distribute.

v. On or about November 15, 2019, in a garage at 669 Waterville Street in Waterbury, Connecticut, the defendant EZRA ALVES possessed four firearms: a loaded 1A–Century Arms 9mm pistol; a loaded Diamondback Firearms 9mm pistol; a loaded Smith and Wesson 22LR assault rifle; and a Masterpiece Arms 9mm pistol. In addition, the defendant BAYON jointly possessed the 1A–Century Arms 9mm pistol.

w. On or about November 15, 2019, the defendant MCKNIGHT possessed approximately 85 bags containing a mixture of heroin and fentanyl that he intended to distribute.

x. On or about August 16, 2018, the defendant PULLIAM and JONES distributed a quantity of a controlled substance.

y. On or about June 18, 2019, the defendant JONES and BLANDING, a 960 member who is not a defendant in Count One, distributed a quantity of a controlled substance.

z.  On or about September 6, 2019, FLEMMING, a 960 member who is not a defendant in Count One possessed a quantity of a controlled substance.

aa. On or about November 15, 2019, EZRA ALVES, MCKNIGHT and BAYON possessed a quantity of a controlled substance.

bb. On or about January 14, 2020, FLEMMING, a 960 member who is not a defendant in Count One, possessed $1997 and approximately 2190 bags containing a mixture of heroin and fentanyl that he intended to distribute. Many of the bags were stamped "Deadpool" and "Netflix."

cc. In approximately the summer of 2018, the defendant PULLIAM paid 960 members Jermaine Gilbert, a 960 member who has been charged separately, and the defendant SCOTT, to travel to Bronx, New York to pick up heroin for subsequent distribution in Waterbury, Connecticut.

dd. On or about February 13, 2020, Tavaughn Wright, a.k.a. "Teddy," a 960 member who is not a defendant in Count One, possessed $721, a loaded 9mm Springfield Armory XD-9 firearm, and approximately 559 bags of a mixture containing heroin and fentanyl. Many of the bags were stamped "Deadpool" and "Netflix."

<u>Notice of Special Sentencing Factor</u>

17.    On or about November 22, 2017, in the District of Connecticut, the defendants BAYON, MCDANIEL, and LOVE did commit murder with special circumstances, that is with intent to cause the death of another person, they caused the death of Clarence Lewis as well as the death of another individual, that is Antonio Santos, at the same time or in the course of a single transaction, in violation of Conn. Gen. Stat. §§ 53a-54b(7) and 53a-8(a).

18.    On or about November 22, 2017, in the District of Connecticut, the defendants BAYON, MCDANIEL, and LOVE did commit murder with special circumstances, that is with intent to cause the death of another person, they caused the death of Antonio Santos, as well as the death of another individual, that is Clarence Lewis, at the same time or in the course of a single transaction in violation of Conn. Gen. Stat. §§ 53a-54b(7) and 53a-8(a).

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(October 31, 2017 Shooting of J.B.)

19.     Paragraphs 1 through 13 of this Indictment are hereby realleged and incorporated by reference.

20.     At all times relevant to this Indictment, 960, including its leadership, membership and associates, constituted an "enterprise" as that term is defined in Title 18 United States Code, Section 1959(b)(2), that is, a group of individuals and association-in-fact although not a legal entity, which was engaged in and the activities of which affected interstate and foreign commerce.

21.     At all times relevant to this Indictment, 960, through its leadership, membership and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder in violation of the laws of the State of Connecticut, acts involving drug trafficking in violation of Title 21, United States Code, Sections 841 and 846.

22.     On or about October 31, 2017, in the District of Connecticut, the defendant CABRERA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury knowingly and intentionally did attempt to murder individuals believed to be members of a rival gang, in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in gunshot wounds to an individual with the initials J.B.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT THREE
### (Carrying and Using a Firearm During and in Relation to a Crime of Violence)
### (October 31, 2017 Shooting of J.B.)

23.     On or about October 31, 2017, in the District of Connecticut, the defendant CABRERA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Two of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

## COUNT FOUR
### (Murder in Aid of Racketeering)
### (November 22, 2017 Shooting of Clarence Lewis)

24.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

25.     On or about November 22, 2017, in the District of Connecticut, the defendants MCDANIEL, BAYON, and LOVE, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, unlawfully, willfully, intentionally and knowingly murdered Clarence Lewis, in violation of Conn. Gen. Stat. §§ 53a-54a and 53a-8(a).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FIVE
### (Murder in Aid of Racketeering)
### (November 22, 2017 Shooting of Antonio Santos)

26.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

27.    On or about November 22, 2017, in the District of Connecticut, the defendants

MCDANIEL, BAYON, and LOVE, for the purpose of gaining entrance to and maintaining and

increasing position in 960, an enterprise engaged in racketeering activity, as described above,

together with others known and unknown to the Grand Jury, unlawfully, willfully, intentionally

and knowingly murdered Antonio Santos, in violation of Conn. Gen. Stat. §§ 53a-54a and 53a-

8(a).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SIX
(Causing Death Through the Use of a Firearm During and in Relation to a Crime of Violence)
(November 22, 2017 Shooting of Clarence Lewis)

28.    On or about November 22, 2017, in the District of Connecticut, the defendants

MCDANIEL, BAYON, and LOVE, together with others known and unknown to the Grand Jury,

during and in relation to a crime of violence for which they may be prosecuted in a court of the

United States, that is: the violation of Title 18, U.S.C. Section 1959(a), as set forth in Count Four,

did knowingly and intentionally cause the death of Clarence Lewis through the use of a firearm,

which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the

defendants, with malice aforethought, did unlawfully kill Clarence Lewis willfully, deliberately,

maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

## COUNT SEVEN
(Causing Death Through the Use of a Firearm During and in Relation to a Crime of Violence)
(November 22, 2017 Shooting of Antonio Santos)

29.    On or about November 22, 2017, in the District of Connecticut, the defendants

MCDANIEL, BAYON, and LOVE, together with others known and unknown to the Grand Jury,

during and in relation to a crime of violence for which they may be prosecuted in a court of the

United States, that is: the violation of Title 18, U.S.C. Section 1959(a), as set forth in Count Five, did knowingly and intentionally cause the death of Antonio Santos through the use of a firearm, a which killing is murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Antonio Santos willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

COUNT EIGHT
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(December 29, 2017 Shooting of J.S., Sr.)

30.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

31.     On or about December 29, 2017, in the District of Connecticut, the defendant MCDANIEL, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, knowingly and intentionally did attempt to murder an individual believed to be related to a rival gang, in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in gunshot wounds to J.S., Sr.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

COUNT NINE
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(December 29, 2017 Shooting of J.S., Sr.)

32.     On or about December 29, 2017, in the District of Connecticut, the defendant MCDANIEL, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may

be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Eight of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

## COUNT TEN
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(September 21, 2018 Shooting at Occupied Residence on Lounsbury Street)

33.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

34.     On or about September 21, 2018, in the District of Connecticut, the defendant SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to murder individuals associated with H.M. in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did attempt to assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in damage to an occupied residence.

All in violation of Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6), and 2.

## COUNT ELEVEN
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(September 21, 2018 Shooting at Occupied Residence on Lounsbury Street)

35.     On or about September 21, 2018, in the District of Connecticut, the defendant SINISTERRA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(5) and 1959(a)(6), as set forth in Count Ten of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

COUNT TWELVE
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(September 21, 2018 Shooting at Occupied Residence on Scott Road)

36.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

37.     On or about September 21, 2018, in the District of Connecticut, the defendants EZRA ALVES, MCKNIGHT, and SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to murder individuals associated with H.M., in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did attempt assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a).

All in violation of Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6), and 2.

COUNT THIRTEEN
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(September 21, 2018 Shooting at Occupied Residence on Scott Road)

38.     On or about September 21, 2018, in the District of Connecticut, the defendants EZRA ALVES, MCKNIGHT, and SINISTERRA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(5) and 1959(a)(6), as set forth in Count Twelve of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

## COUNT FOURTEEN
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(October 6, 2018 Shooting of A.R.)

39.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

40.     On or about October 6, 2018, in the District of Connecticut, the defendants EZRA ALVES, SCOTT, and SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, knowingly and intentionally did attempt to murder individuals believed to be members of a rival gang, in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in gunshot wounds to A.R.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT FIFTEEN
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(October 6, 2018 Shooting of A.R.)

41.     On or about October 6, 2018, in the District of Connecticut, the defendants EZRA ALVES, SCOTT, and SINISTERRA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Fourteen of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

17

## COUNT SIXTEEN
### (Murder in Aid of Racketeering)
### (October 11, 2018 Shooting of Fransua Guzman)

42.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

43.     On or about October 11, 2018, in the District of Connecticut, the defendants PULLIAM, SCOTT, and SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, unlawfully, willfully, intentionally and knowingly murdered Fransua Guzman, in violation of Conn. Gen. Stat. §§ 53a-54a and 53a-8(a).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SEVENTEEN
### (Causing Death Through the Use of a Firearm During and in Relation to a Crime of Violence)
### (October 11, 2018 Shooting of Fransua Guzman)

44.     On or about October 11, 2018, in the District of Connecticut, the defendants PULLIAM, SCOTT, and SINISTERRA, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is: the violation of Title 18, U.S.C. Section 1959(a), as set forth in Count Sixteen, did knowingly and intentionally cause the death of Fransua Guzman through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, acted with a premeditated design unlawfully and maliciously to affect the death of any human being other than her who was killed.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

## COUNT EIGHTEEN
### (Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
### (October 11, 2018 Shooting of D.M.)

45.     Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

46.     On or about October 11, 2018, in the District of Connecticut, the defendants PULLIAM, SCOTT, and SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury knowingly and intentionally did attempt to murder individuals believed to be members of a rival gang, in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in gunshot wounds to D.M.

All in violation of Title 18, United States Code, Sections 1959(a)(3),1959(a)(5), and 2.

## COUNT NINETEEN
### (Carrying and Using a Firearm During and in Relation to a Crime of Violence)
### (October 11, 2018 Shooting of D.M.)

47.     On or about October 11, 2018, in the District of Connecticut, the defendants PULLIAM, SCOTT, and SINISTERRA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Eighteen of this Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(i), (ii), (iii).

COUNT TWENTY
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(November 1, 2018 Shooting of H.M.)

48.    Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and incorporated by reference.

49.    On or about November 1, 2018, in the District of Connecticut, the defendant SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, knowingly and intentionally did attempt to murder H.M., in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in resulting in gunshot wounds to H.M.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

COUNT TWENTY-ONE
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(November 1, 2018 Shooting of H.M.)

50.    On or about November 1, 2018, in the District of Connecticut, the defendant SINISTERRA and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Twenty of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii).

COUNT TWENTY-TWO
(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)
(November 18, 2018 Shooting of M.A. and J.S., Jr.)

51.    Paragraphs 1 through 13, 20 and 21 of this Indictment are hereby realleged and

incorporated by reference.

52.     On or about November 18, 2018, in the District of Connecticut, the defendants EZRA ALVES, SCOTT, and SINISTERRA, for the purpose of gaining entrance to and maintaining and increasing position in 960, an enterprise engaged in racketeering activity, as described above, together with others known and unknown to the Grand Jury, knowingly and intentionally did attempt to murder individuals believed to be members of a rival gang, in violation of Conn. Gen. Stat. §§ 53a-54a, 53a-49, and 53a-8(a), and did assault with a dangerous weapon by discharging a firearm, in violation of Conn. Gen. Stat. §§ 53a-59(a)(5), 53a-49, and 53a-8(a), resulting in gunshot wounds to M.A. and J.S., Jr.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

<u>COUNT TWENTY-THREE</u>
(Carrying and Using a Firearm During and in Relation to a Crime of Violence)
(November 18, 2018 Shooting of M.A. and J.S., Jr.)

53.     On or about November 18, 2018, in the District of Connecticut, the defendants EZRA ALVES, SCOTT, and SINISTERRA, and others known and unknown to the Grand Jury, did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Twenty-Two of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.

<u>COUNT TWENTY-FOUR</u>
(Accessory after the Fact to Counts Twenty-Two and Twenty-Three)
(November 18, 2018 Shooting of M.A. and J.S., Jr.)

54.     On or about November 18, 2018, in the District of Connecticut, the defendant AHMED ALVES, a.k.a. "Stones," knowing that one or more offenses against the United States

had been committed, namely: the offenses charged in Count Twenty-Two and Count Twenty-Three of this Indictment, did knowingly and intentionally receive and assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

All in violation of Title 18, United States Code, Section 3.

COUNT TWENTY-FIVE
(Obstruction of Justice)
(October 19, 2019 Beating of J.A.)

55.     On or about October 19, 2019, in the District of Connecticut, the defendants TAHJAY LOVE, a.k.a. "Goon," and JAMES GRAHAM, a.k.a. "Little Cuz," did by threats or force endeavor to influence, obstruct and impede the due administration of justice in a federal grand jury in the District of Connecticut, H-19-1, by assaulting J.A., which caused bodily injury to J.A.

All in violation of Title 18, United States Code, Section 1503.

COUNT TWENTY-SIX
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)
(Pulliam, Ezra Alves, Bayon, Burrus, Jones, McKnight,
Ahmed Alves, Flemming, Wright, and Blanding)

56.     From approximately June 2018 to February 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, JONES, MCKNIGHT, AHMED ALVES, FLEMMING, WRIGHT, and BLANDING, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

57.     It was a part and an object of the conspiracy that the defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, JONES, MCKNIGHT, AHMED ALVES, FLEMMING, WRIGHT and BLANDING together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely heroin, a Schedule I controlled

substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

<u>QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY</u>

58.     The defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, JONES, MCKNIGHT, AHMED ALVES, FLEMMING, WRIGHT and BLANDING knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in this count that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation Title 21, United States Code, Section 841(b)(1)(B)(i).

59.     The defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, JONES, MCKNIGHT, AHMED ALVES, FLEMMING, WRIGHT and BLANDING knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in this count that the conspiracy involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation Title 21, United States Code, Section 841(b)(1)(B)(vi).

All in violation of Title 21, United States Code, Section 846.

COUNT TWENTY-SEVEN
(Possession with Intent to Distribute and Distribution of Heroin)
(August 16, 2018 – Pulliam and Jones)

60.     On or about August 16, 2018, in the District of Connecticut, the defendants PULLIAM and JONES did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title

23

18, United States Code, Section 2.

### COUNT TWENTY-EIGHT
(Possession with Intent to Distribute and Distribution of Heroin and Fentanyl)
(June 18, 2019 – Jones and Blanding)

61.     On or about June 18, 2019, in the District of Connecticut, the defendant JONES and BLANDING did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and fentanyl, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT TWENTY-NINE
(Possession with Intent to Distribute of Heroin)
(September 6, 2019 – Flemming)

62.     On or about September 6, 2019, in the District of Connecticut, the defendant FLEMMING did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY
(Possession with Intent to Distribute Heroin and Fentanyl)
(November 15, 2019 – Ezra Alves, Bayon, and McKnight)

63.     On or about November 15, 2019, in the District of Connecticut, the defendants EZRA ALVES, BAYON, and MCKNIGHT, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-ONE
(Possession with Intent to Distribute Heroin)
(February 13, 2020 – Wright)

64.     On or about February 13, 2020, in the District of Connecticut, the defendant

WRIGHT, did knowingly and intentionally possess with intent to distribute a mixture and

substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-TWO
(Possession of a Firearm in Furtherance of a Drug Trafficking Offense)
(November 15, 2019 – Ezra Alves)

65.     On or about November 15, 2019, in the District of Connecticut, the defendant

EZRA ALVES did knowingly and intentionally possess a firearm, namely, a loaded Century Arms

9mm pistol bearing serial number 16AT12859, a loaded Diamondback Firearms 9mm pistol

bearing serial number YC8003, a loaded Smith and Wesson 22LR assault rifle bearing serial

number DZW1831, and a Masterpiece Arms 9mm pistol bearing serial number FX01568, in

furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, the crime charged in Counts Twenty-Six of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(2).

## COUNT THIRTY-THREE
(Felon in Possession of a Firearm)
(November 15, 2019 – Bayon)

66.     On or about November 15, 2019, in the District of Connecticut, the defendant

BAYON, having been, and knowing that he had been, convicted in the Superior Court of the State

of Connecticut of a crime punishable by a term of imprisonment exceeding one year, namely:

illegal transfer of a pistol or revolver, in violation of Conn. Gen. Stat. § 29-33, and possession of

a weapon in a motor vehicle, in violation of Conn. Gen. Stat. § 29-38, did knowingly possess a

firearm and ammunition in and affecting commerce, that is, a loaded Century Arms 9mm pistol bearing serial number 16AT12859, all of which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THIRTY-FOUR
(Possession of a Firearm in Furtherance of a Drug Trafficking Offense)
(November 15, 2019 – Bayon)

67.     On or about November 15, 2019, in the District of Connecticut, the defendant BAYON, did knowingly and intentionally possess a firearm, namely, a loaded Century Arms 9mm pistol bearing serial number 16AT12859, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the crime charged in Counts Twenty-Six of this Indictment..

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(2).

## COUNT THIRTY-FIVE
(Felon in Possession of a Firearm)
(February 13, 2020 – Wright)

68.     On or about February 13, 2020, in the District of Connecticut, the defendant WRIGHT, having been, and knowing that he had been, convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, namely: burglary in the third degree, in violation of Conn. Gen. Stat. § 53a-103, did knowingly possess a firearm and ammunition in and affecting commerce, that is, a loaded Springfield Armory XD-9 9mm firearm bearing serial number GM944753, all of which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THIRTY-SIX
(Possession of a Firearm in Furtherance of a Drug Trafficking Offense)
(February 13, 2020 – Wright)

69.     On or about February 13, 2020, in the District of Connecticut, the defendant

WRIGHT, did knowingly and intentionally possess a firearm, namely, a loaded Springfield

Armory XD-9 9mm firearm bearing serial number GM944753, in furtherance of a drug trafficking

crime for which he may be prosecuted in a court of the United States, that is, the crime charged in

Counts Twenty-Six of this Indictment.

In violation of Title 18,  United States Code, Sections 924(c)(1)(A) and 924(c)(2).

## FORFEITURE ALLEGATIONS
(Controlled Substance Offenses)

70.     Upon conviction of the offenses alleged in Counts Twenty-Six through Thirty-One

of this Indictment, the defendants PULLIAM, EZRA ALVES, BAYON, BURRUS, JONES,

MCKNIGHT, AHMED ALVES, FLEMMING, WRIGHT, and BLANDING shall forfeit to the

United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in

any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of

the violation of Title 21, United States Code, Sections 841 and 846, and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, that

violation and a sum of money equal to the total amount of proceeds obtained as a result of the

offense, including but limited to:

a.   a 2008 Lexus IS-250, with VIN JTHBK262182070967;

b.   $992 seized from the defendant EZRA ALVES on or about November 15, 2019;
      and

c.   $721 seized from the defendant WRIGHT on or about February 11, 2020.

71.     If any of the above-described forfeitable property, as a result of any act or omission

of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

<u>FORFEITURE ALLEGATIONS</u>
(Firearm Offenses)

72.    Upon conviction of the offenses alleged in Counts Thirty-Two through Thirty-Six of this Indictment, the defendants EZRA ALVES, BAYON and WRIGHT shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), the firearms involved in the commission of the offenses including, but not limited to:

   a.   a loaded 1A–Century Arms 9mm pistol, bearing serial number 16AT12859;

   b.   a loaded Diamondback Firearms 9mm pistol, bearing serial number YC8003;

   c.   a loaded Smith and Wesson 22LR assault rifle, bearing serial number DZW1831;

   d.   a Masterpiece Arms 9mm pistol, bearing serial number FX01568;

   e.   a loaded Springfield Armory XD-9 9mm firearm bearing serial number GM944753;

   f.   and assorted rounds of ammunition.

All in accordance with Title 18, United States Code, Section 924, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

_____
FOREPERSON


UNITED STATES OF AMERICA

_____
LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

_____
GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY

_____
JOHN T. PIERPONT
ASSISTANT UNITED STATES ATTORNEY

_____
NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY

_____
CYNTHIA S. SERAFINI
SPECIAL ASSISTANT UNITED STATES ATTORNEY

_____
DON E. THERKILDSEN, JR.
SPECIAL ASSISTANT UNITED STATES ATTORNEY